FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 15 2010 ★

BROOKLYN OFFICE

Tony Clanton   #08-A-3315
Elmira Correctional Facility
Post Office Box 500
Elmira, New York
14902-0500

Hon. Sandra L. Townes  September 9, 2010
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 28 2010 ★

BROOKLYN OFFICE

Re: Tony Clanton v. City of New York, et al.,
    06-cv-5820 (RRM)(RER)

Your Honor:

I am the plaintiff in the above referenced matter, and pursuant to Your Honor's Order, dated August 27, 2010, I hereby submit the foregoing Reply to the Defendant's Opposition dated August 30, 2010.

The foregoing represents a substantive response only insofar as necessary for this Honorable Court to issue a ruling on the pending Rule 60(b)(6), of the Fed.R.Civ.P., in relation to the above referenced Civil matter.

First, Plaintiff seeks relief from this Court's Judgment dated September 29, 2009, granting Summary Judgment to the Defendant. Plaintiff at all times, prior to the entry of such Judgment was represented by Stuart Birbach, who it is asserted, failed to inform Plaintiff of the Defendant's last filing, **nor of this Court's Summary Judgment** in time to effectuate a Notice of Appeal and appeal to the Second Circuit Court of Appeals.

In support, Plaintiff asserted that during the time frame from on or about June 18, 2008 (upon an unrelated matter) until on or about June, 2010, Plaintiff was continuously brought back and forth (on an approximate bi-weekly basis) to the Downstate Correctional Facility, totaling approximately 20 months. Plaintiff asserted that during this time period, he was given no access to his legal work related to this case, and pertinently, had no contact with counsel.

The Defendants claimed that they had "spoken to attorney Birbach" (Opposition at fn.1) but omitted any reference to counsel's failure to communicate to Plaintiff,

---

*The court sua sponte reconsidered its memorandum and order dated 9/10/2010, which was entered one day after Plaintiff mailed his letter reply. The court sees no reason to amend its order in light of Plaintiff's reply.*

Dated: 9/17/10

/s/ Sandra L. Townes

this Court's Order, dismissing the matter on or about September 29, 2009. In fact, throughout Defendant's entire Opposition, no reference was made as to Plaintiff entire basis for seeking relief; i.e., that due solely to former counsel's failure to communicate this Court's Order, dismissing the matter, Plaintiff failed to file an appeal.

Rather, Defendant's Opposition merely attempts to construe Plaintiff's motion pursuant to Rule 60(b)(6) as one pursuant to Rule 60(b)(1). Pointedly, Plaintiff asserted and continues to assert that Rule 60(b)(6) is applicable based upon the circumstances of the instant case. In fact, a recent decision by the Second Circuit Court of Appeals lends support for such proposition, as well as various decisions from the U.S. Supreme Court.

In **Nnebe v. United States**, 534 F.3d 87 (2d Cir. 2008), the Court held that "remedy for defense counsel's violation of the Criminal Justice Act plan, in failing to file a cert. petition, was to construe prisoner's motion to vacate as motion to recall mandate affirming his conviction and sentence and grant the motion."

The decision in **Nnebe** was based on an earlier Supreme Court ruling in **Wilkins v. United States**, 441 U.S. 468 (1979), which authorizes a court to recall it's mandate in order to allow a petitioner the opportunity to file a timely appeal.

Additionally, also in the criminal context, the High Court in **Roe v. Flores-Ortega**, 120 S.Ct. 1029 (2000), and the Second Circuit in **Campusano v. U.S.**, 442 F.3d 770 (2d Cir. 2006), each discuss the courts' ability to recall it's judgment in order to allow a defendant to file a timely notice of appeal. The **Flores-Ortega** Court explicitly held that, "[A]n attorney who fails to file an explicitly requested notice of appeal, acts in a manner that is per se error." The **Campusano** Court applied the per se rule in **Flores-Ortega**, notwithstanding a "written plea waiver provision."

Finally, in **Gonzalez v. Crosby**, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b)(6) motion is the proper avenue in which to attack a district court's judgment, insofar as the defendant is not attacking the underlying judgment, but rather the manner in which the court reached it's judgment.

2

The instant filing does not attack this Court's ruling but rather seeks to reopen the judgment to effectuate an appeal, which was explicitly expressed to counsel from the institution of his representation. Here, former counsel was retained by written retainer agreement, with the proviso that counsel would represent Plaintiff throughout all civil proceedings, including any proposed appeals.

Counsel did communicate with Plaintiff up until the point that Plaintiff was continuously transferred throughout the New York State Department of Corrections to New York City department of Correction for approximately 20 weeks. It is unknown whether counsel attempted to communicate with Plaintiff with respect to this Court's Judgment, until it was revealed on or about July 1, 2010, after inquiry to this Court's Clerk.

At that point, with diligence, Plaintiff immediately commenced the instant petition seeking to reopen the judgment only to effectuate an appeal. In Wims v. U.S. and Baldeseque v. U.S., the Second Circuit respectively held that the Statute of Limitations of the AEDPA did not commence until the factual predicate became known. Here, the factual predicate did not become known until July 1, 2010.

Moreover, the High Court also recently discussed "equitable tolling" and "counsel's obligations" with respect to the AEDPA in Holland v. Florida, 130 S.Ct. 2549 (2010). Essentially, the Supreme Court held that a defendant is entitled to relief when counsel failed to communicate with defendant, and actively misled defendant with respect to a proposed federal petition, which constituted "extraordinary circumstances" to permit late filing.

As stated, the instant petition did not seek to challenge this Court's ruling, which may or may not have been "well reasoned" s relayed by the Defendant. In fact, Plaintiff does not possess this Court's decision, granting relief to Defendant, nor possesses any of the motions or decisions filed in this case. The Defendant's attempt to portray Plaintiff's motion as one attacking "this Court's well-reasoned Decision" (Opposition, at pg.2) should not be considered as anything other than what it is meant to be...a passive attempt to dismiss the instant petition.

3

   This Court may grant relief pursuant to Fed.R.Civ.P. 60(b)(6) for "any other reason justifying relief". No other provision, Rule, section, or Statute applies based upon the circumstances of the instant case. Plaintiff ought not be penalized and precluded from appealing this Court's Judgment, and the sole method in which to undertake an appeal is to grant relief pursuant to this Rule.

   It is therefore respectfully requested that this Court grant relief pursuant to Rule 60(b)(6). It is further requested that this Court issue an Order directing the Clerk of the Court to serve Plaintiff with a copy of the Judgment dated September 29, 2009. In the event that this Court's Judgment is non-inclusive of any analysis, that the Clerk's Office be directed to serve Plaintiff with a copy of the Defendant's motion for Summary Judgment, Docket No.'s 20-25.

Respectfully,

Tony Clanton
08A3315

September 9, 2010

   I affirm under the penalties of perjury, that on this date, I have caused to be mailed via the U.S. Postal Service, a copy of the enclosed Reply to Defendant's Opposition to the Assistant Corporation Counsel, at the Law Department, at 100 Church Street, New York, NY 10007.

Respectfully,

Tony Clanton
08A3315